CHAS. GILKEY ET AL. *v.* O. H. TIPTON ET AL.

**Land—Equitable Title—Wills—Descent—Collateral—Kindred.**

Tipton executed his title bond to his son-in-law, Gilkey, for 100 acres of land and upon the payment of the purchase price was to make a deed. Gilkey paid one-half of the price of the land and the other half having been given to him as an advancement by Tipton. After this, and before her father's death, Mrs. Gilkey died, leaving one child, a son. Her father then died intestate; Gilkey then died intestate leaving all his property to his said minor son, and then to his brother in case his son should die without issue. The land was conveyed to young Gilkey by commissioner's deed. Young Gilkey having died intestate and without issue; the question is whether the contingent devisees of the elder Gilkey take the

land or the collateral kindred of young Gilkey, on his mother's side: Held
that the title passed to the contingent devisees under the will of the
elder Gilkey.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 17, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

January 1, 1846, John P. Tipton executed his title bond to his
son-in-law, David T. Gilkey, for one hundred acres of land, at the
price of $35 per acre, to be paid in three equal annual install-
ments, and upon payment Tipton was to convey the land by gen-
eral warranty deed.

After this, and before her father's death, Mrs. Gilkey died,
leaving one child, a son.

Her father then died intestate, and in the settlement of his
estate, D. T. Gilkey asserted that he was only to pay one-half of
the purchase price, the other being an advancement by his father-
in-law. D. T. Gilkey then died testate, leaving all his property
to his minor son, by his deceased wife, and then to his brothers
in case his son should die without issue. The judgment settling
the rights of the intestate Tipton was brought to this court for
revision, in which this court held that Gilkey "was to pay one-half,
and for the value of the other half, $1,750, he was to account as
an advancement; the court also ordered a conveyance to the minor
son of Gilkey, which was afterwards consummated by the commis-
sioner's deed, but in which a mistake as to the name of the young
Gilkey was made.

The young Gilkey having died intestate and without issue, this
suit was brought by his collateral relatives, on his father's side,
and who were the contingent devisees, under his will, against the
collateral relatives on the mother's side, to have said deed cor-
rected, and for the possession of the 100 acres described in the title
bond of J. P. Tipton to D. T. Gilkey, and for a division of his
other estate. The other estate was, by judgment of the court,
equally divided between the collaterals of the father and mother,
of which there is no complaint. But the 100 acres was adjudged
to the mother's kindred, and this is the sole error complained of.

It is a simple question whether the young Gilkey derived the

land from his father or mother, for if from the former, the judgment is erroneous; if from the latter, it is right.

The mother died before her father, therefore she could inherit nothing from him.

What she took from her father must therefore have been by gift, and if of land, must be evidenced by writing; the only writing exhibited relative to this 100 acres is a title bond to her husband to convey to him by general warranty deed in consideration of $3,500 to be paid.

The husband proved, in the first case, that one-half of this price —that is, $1,750—was given to him as an advancement, and therefore he was only required to pay the other $1,750. It is very evident that there was no partition of the land into 50 acre tracts, nor was there a sale by such lots; it was a sale in gross, and all the land stands on the same footing, and all derived by the minor son from the same parents.

To say that Tipton gave to his daughter, Mrs. Gilkey, fifty acres of land is to contradict the only written evidence of the title. To say, as this court did say, that Tipton gave to his son-in-law one-half the purchase price of the land by way of advancement is to conform to the written obligation, and still settle the matter according to the proof, and violate no rule of law.

It was a sale of the land to the son-in-law, and a gift of one-half of the purchase price to him as advancement. If the bond be adhered to, the equitable title was in D. T. Gilkey, and which he devised to his minor son; if the bond be not adhered to, then his grandfather, and his father would lose his entire purchase and the $1,750, which he actually paid out of his own means.

Had the conveyance of the 100 acres been consummated by a deed in conformity to the bond, there could be no rational doubt as to the parent from whom the minor son would derive it; this, however, not being done, cannot alter either the source whence he derives the land, nor change the rights of the parties.

The court radically erred in adjudging any part of the 100 acres to the collateral kindred on the mother's side, but should have adjudged that it passed according to the last will of David T. Gilkey.

Wherefore, the judgment is reversed as to the 100 acres of

land, with directions to the court below to render judgment in accordance to this opinion.

*Turner & Seaver, for appellants.*

*Houston, Brock, for appellees.*